NATIONAL ACC. SOC. v. SPIRO.

(Circuit Court of Appeals, Sixth Circuit.    January 7, 1896.)

No. 260.

REMOVAL OF CAUSES—APPEARANCE—EFFECT OF PETITION TO REMOVE.

An action was commenced against a New York corporation, in a Tennessee state court, by service on one M., "as agent and adjuster" for such corporation. The defendant filed its petition for the removal of the cause to the federal court, without in any way limiting the effect of its appearance in so doing, and afterwards filed a plea in abatement on the ground that M. was not its agent. *Held*, that the question whether the defendant, by filing its petition for removal, unaccompanied by a plea in abatement, and without restricting the purpose of its appearance, waived the objection to the jurisdiction of the court for want of service, should be certified to the supreme court.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Cooper & Davis (McBurney & McBurney, of counsel), for plaintiff in error.

Ingersoll & Peyton, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

PER CURIAM.    This is an action upon a policy of accident insurance, begun in the circuit court of the state of Tennessee for the county of Knox, by the defendant in error, widow of Herman Spiro, the assured.    The plaintiff in error is a corporation organized under the laws of the state of New York, with its principal office in the state of New York.    The writ of summons was served upon one H. D. McBurney, "as agent and adjuster" for the said corporation.

The plaintiff in error seasonably filed its petition for a removal of said suit to the circuit court of the United States, upon the ground that the controversy involved a sum in excess of $2,000, and was wholly between citizens of different states.    This petition did not specify or restrict the purpose of the defendant's appearance in the state court to the sole purpose of obtaining a removal of the cause into the federal court, and no plea to the jurisdiction of the court had been theretofore filed by it.    After the removal had been perfected, the plaintiff in error filed a plea in abatement, properly verified, in these words:

"The defendant for plea says: The original writ in this cause was not served on the defendant or any of its agents, but that it was served April 17, 1894, on H. D. McBurney, who was not at the time of said service of said writ, nor has the said McBurney been, an agent of the said defendant on him an agent of the defendant at any time either before or since said service on him; and that there was no agent of the defendant of any kind or character in Knox county, Tennessee, on the said 17th day of April, 1894, nor has there been any such agent of the defendant in said county at any time since that date. The defendant further says that no legal process has been served upon it in this cause; therefore it is not bound to appear."

To this, the plaintiff (now defendant in error) replied as follows:

"And plaintiff, for replication to defendant's plea in abatement, says H. D. McBurney, on whom the writ of summons in this case was served on 17th of April, 1894, was at that time an agent of the defendant; and this she is ready to verify. Wherefore she prays judgment," etc.

The issue thus formed was duly submitted to a jury, who found for the plaintiff, and assessed her damages at $5,055.

In the determination of the questions arising upon errors assigned, it becomes necessary to determine and declare the effect of the appearance in the state court, and the filing there of the petition for a removal above referred to. This court, in the case of Railway v. Brow, 13 C. C. A. 222, 65 Fed. 941, held that the filing of a petition for removal of a cause from a state court to the circuit court of the United States, without then objecting to the jurisdiction of the court over the person of the defendant, or in any way restricting the appearance as alone for the purpose of removing the cause, was a general appearance, and that it was too late, after such removal, to urge, in the federal court, that that court had no jurisdiction over the defendant by virtue of the process issued. Subsequently the supreme court granted a writ of certiorari removing that suit into the supreme court; and the case is now pending in the supreme court, and undecided. After the decision of the case of Railway v. Brow, the supreme court, in Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, held that where a petition for removal is filed in the state court for the sole purpose of presenting a petition for removal, and that purpose is specifically stated, and the appearance restricted, the defendant does not thereby enter a general appearance or waive the right to object to the jurisdiction of the court for want of sufficient service of summons. In the same case the court reserved the question as to the effect of a petition in general terms for removal, "without specifying and restricting the purpose of the defendant's appearance in the state court," as a waiver of objection to the jurisdiction of the court over the person of the defendant.

In view of this state of the law, this court is in doubt as to how it should decide the point thus reserved, and therefore certifies to the supreme court this question: Does a defendant, by filing a petition in a state court for removal of the cause to the United States court, in general terms, unaccompanied by a plea in abatement, and without specifying or restricting the purpose of his appearance, thereby waive objection to the jurisdiction of the court for want of sufficient service of the summons?