### CITY OF FINDLAY v. PERTZ et al.

(Circuit Court of Appeals, Sixth Circuit. May 12, 1896.)

#### No. 377.

1. PRINCIPAL AND AGENT—AGENT ACTING FOR BOTH PARTIES—RATIFICATION BY PRINCIPAL—MUNICIPAL CORPORATIONS.

Where a city refused to pay a balance of the price of certain machines purchased by it, on the ground that its agent to make the purchase secretly acted as the agent of the seller, and in a suit for such balance there was evidence fairly tending to show that after discovery of the fraud the city continued to use the machines, and elected to ratify the purchase, *held*, that the court properly refused to direct a verdict for defendant.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.

In an action for the contract price of machines furnished to a city, a defense that the contract was void because of noncompliance with a state statute forbidding the city council to make any contract involving the expenditure of money, unless the auditor of the corporation shall first certify that the money required was in the treasury (Rev. St. Ohio, § 2702), cannot be taken for the first time in the appellate court.

3. SAME—ASSIGNMENT OF ERRORS.

To obtain the benefit of any error in respect to the action of the trial court in failing to give effect to a particular statute, there should be some

specific assignment definitely pointing out the action against which complaint is made.

4. SALE — ACTION FOR PRICE — ADMISSIBILITY AND WEIGHT OF EVIDENCE — INSTRUCTIONS.

In an action against a city for the purchase price of certain "automatic separators," adapted to be attached to the orifice of a natural gas well to separate the oil and water from the gas, there was evidence for defendant that the machines had not worked automatically, and were incapable of doing the work for which they were purchased. Evidence was given for plaintiff that the separators had worked automatically and successfully at other places, and that they had not been properly put on or cared for by defendant. *Held*, that the evidence as to use elsewhere was properly admitted, and there was no error in charging the jury that it was material and important, if they found that the machines were all constructed alike.

5. SALE — EVIDENCE OF VALUE — MARKET PRICE.

In an action to recover the reasonable value of machines kept and used by a city after attempting to rescind the contract of purchase, proof of market value, or the value at which the owner offers them for sale on the market, is not conclusive of actual value, but it may be taken into consideration in arriving at the actual value.

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

W. F. Duncan and Jason Clackford, for plaintiff in error.

C. C. Shirley (J. C. Blacklidge, B. C. Moon, Harvey Scribner, and Frank H. Hurd, with him on the brief), for defendants in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

LURTON, Circuit Judge. The defendants in error, John W. Pertz and George R. Stewart, partners under the name of Pertz & Stewart, are patentees and manufacturers of certain machines called "automatic separators." These machines were adapted to be attached to the orifice of a natural gas well, and purported to separate the oil and water which came to the surface intermingled with the gas, and to do this work automatically. They claim to have sold 32 of these separators to the city of Findlay, a municipal corporation of the state of Ohio, which owned and operated a plant for the distribution of natural gas to consumers within that city. This action was brought by said Pertz & Stewart against the city of Findlay for a balance alleged to be due on account of the sale aforesaid. There was a judgment for the defendants in error, and to review that judgment this writ of error has been sued out. A former judgment in favor of the defendants in error upon the same account was reversed by this court for reasons fully appearing in an opinion of this court then delivered, and reported in 13 C. C. A. 559, 66 Fed. 427 et seq. The defenses against the action upon the former trial are fully set out and discussed in the former opinion of this court, and need not be again here stated, except in so far as shall appear necessary to the determination of the questions involved upon the present writ of error.

Upon both trials there was evidence tending to show that the superintendent of the city gas plant, who bought these separators for the city, and through whom it was sought to charge the city as upon a contract, was at the time also the agent of Pertz & Stew-

art for the sale of their patented machines upon a commission. Upon both trials there was evidence that this double agency of the city's officer was known to Messrs. Pertz & Stewart, and was unknown to the municipal authorities. Upon both trials there was evidence tending to show that, when the city authorities discovered this fraudulent conduct of their agent, they repudiated the contract for the city, and notified the sellers to remove their machines. Before this discovery was made, $315 was paid by the city, in full payment of the first three machines so purchased. On the last trial, as upon the first. there was evidence tending to show that notwithstanding the city had, by a letter, repudiated the contract, it thereafter continued to use the said separators, and to exercise authority over and concerning them. Upon the former trial the learned trial judge was of opinion that if it was established that the agent of the city, from whom the purchase had been made, was also the agent of the sellers, that fact would entitle the city, upon its discovery, to disavow the contract and return the machines to the manufacturers. He was also of opinion that, if the machines were articles proper for the purposes of a municipal corporation, it was capable of ratifying the contract after the discovery of the fraud, and that such ratification might be established by a retention and use of the machines for an unreasonable time after a discovery of the fraudulent conduct of their agent. Being of opinion that the evidence of ratification was practically undisputed, he instructed the jury upon this point in favor of the plaintiffs. This court, upon the former writ of error, held that the trial judge did not err in entertaining the opinion, and so instructing the jury, that the city, upon a discovery of the improper dealing with its agent, might either repudiate or affirm the contract, as it should elect. We did not agree with the trial judge that the evidence of ratification after full discovery of the fraud was so clear and undisputed as to leave no issue for the jury. For failure to submit to the jury the question of whether there had been an intentional ratification, the cause was remanded, with directions to order a new trial. At the conclusion of the trial now under review, a full, clear, and sound charge was delivered to the jury, who, upon the law and facts, again found a verdict for the defendants in error. Many exceptions were taken to this charge, each of which has been made the subject of a separate assignment of error. A large number of requests for special or additional charges were also made, most of which were refused, each such refusal being now assigned as error. Inasmuch as the charge covered the entire case, and was in substantial harmony with the opinion entertained by this court upon the former writ of error, we do not deem it essential or profitable to consider at length the various exceptions taken, or the many requests for further instruction. We shall therefore briefly indicate our ruling upon such of the assignments of error as have been most relied on in argument.

The error assigned for refusal to charge requests Nos. 1, 2, 4, and 5 must be overruled, because they were sufficiently covered by the charge as delivered.

The sixth assignment of error is based upon the refusal of the court to charge as follows: "Under the pleadings and the evidence, the jury should find a verdict for the defendant for three hundred and fifteen dollars, and interest from September 16, 1890." This was properly overruled. There was evidence tending to show that, after the city authorities became fully aware of the double character of the agent through whom the city had made the purchase of the automatic separators, it elected to ratify the bargain. A learned, able, and forcible argument has been made by the counsel representing the city to show that the evidence of ratification was insufficient. We are not authorized to weigh the evidence. That is the province of the jury. There were circumstances in proof tending to show that the city continued to use these machines for a considerable time after it had fully discovered the fraud of its agent; and there was also evidence of negotiations between the city authorities and the sellers, contemporaneous with and subsequent to their notice of an intention to disaffirm the contract, which tended to cast doubt upon the real purpose of the city in respect of affirming or disaffirming the transaction. As to whether the retention and continued use of the machines was, under all the circumstances, unreasonable, and inconsistent with an intention to annul the contract, was a matter about which reasonable men, might draw different inferences. We may concede that the facts and circumstances tending to show an intent to disaffirm, and to adhere to such disaffirmance, were meager, and that the weight of evidence was against the verdict, still there was evidence tending to show ratification. The matter was therefore one for the consideration of a jury. The refusal of the court to grant a new trial because the weight of evidence was against the verdict, or for any other reason, is not assignable as error. This has been so frequently decided that it is not needful to cite authorities.

Counsel for plaintiff in error have argued that this contract for the purchase of these machines was void under section 2702 of the Revised Statutes of the State of Ohio, which provides that:

"No agreement, contract or other obligation involving the expenditure of money shall be entered into, nor shall any ordinance, resolution or order for the appropriation or expenditure of money, be passed by the council or any board or officer of a municipal corporation, unless the auditor of the corporation * * * shall first certify that the money required for the contract, agreement or other obligation, or to pay the appropriation or expenditure, is in the treasury to the credit of the fund from which it is to be drawn," etc.. "* * * and all contracts, agreements or other obligations, and all ordinances, resolutions and orders entered into or passed, contrary to the provisions of this section shall be void."

It is enough to say that a careful examination of this record shows that this question is now for the first time raised. No demurrer was filed to the petition of the plaintiffs below because it did not affirmatively show that the contract sued upon had been authorized according to the terms of the statute, and no reference to any such defense is made in any pleading or answer filed by the city. No proof appears in the bill of exceptions concerning the action of the city council or of the authorities of the city of Find-

lay, and no request was made for any charge to the jury touching this statute. The question is not presented by any assignment of error, unless it be contended that it is embraced within the assignment of error now under consideration. That assignment of error is altogether too broad and general, under the eleventh rule of this court (11 C. C. A. cii., 47 Fed. vi.), to bring up any such specific objection as is now sought to be raised in respect of the effect of this Ohio statute. Railway Co. v. Ives, 144 U. S. 408–415, 12 Sup. Ct. 679. To have obtained the benefit of a consideration of this question, it should have been presented to the trial court in some form. It may be that proof of compliance with this statute was made. The bill of exceptions would probably omit all matter not necessary to the decision of questions of law intended to be relied on. To obtain the benefit of any error in respect to the action of the circuit court below in failing to give effect to this Ohio statute, there should have been some specific assignment, definitely pointing out the action of the court against which the complaint is made.

The third request involves a matter which has now become immaterial. It presented the question as to whether, under the pleadings, there could be a recovery by the plaintiff in error against the defendants in error of the money already paid by the city upon the contract, or of the difference between the sum paid and the value of the machines bought. Inasmuch as the jury have found a large sum due from the city, after crediting the sum theretofore paid, the question involved by this request is of no importance.

An exception was taken to the following portion of the charge to the jury:

"The court further charged the jury as follows: 'The manner in which these machines did their work elsewhere is not proof that these machines did their work well at Findlay, but is a fact important and material, if you find the separators were all constructed alike, as showing whether the Findlay machines were properly put on, properly cared for, and fairly tested. Because two or more machines, equally well made, and similarly constructed and used, ought to work alike, and if one worked well at Kokomo, Indiana, and another failed to work at Findlay, and both were tried and used under substantially similar conditions, the fact that the Kokomo separator did work is a circumstance which ought to help you very much in deciding whether the failure of the separator to work at Findlay was from plaintiffs' failure to properly make them, or from defendant's failure to properly put them upon the gas wells, and properly care for and use them after they were attached.' "

Numerous exceptions have also been taken to the evidence upon which this portion of the charge bore. We think there was no error in the admission of the evidence, and none in the charge, in respect of its weight and force. If the jury should find that the city had elected to affirm the contract, it would then devolve upon them to determine whether the city was liable for the value as per full contract price, or was liable only for their actual value. There was evidence that the machines had been represented as capable of working automatically. There was also evidence tending to show that these machines upon the Findlay oil wells had not worked automatically. The court charged the jury fully and clear-

ly upon the effect of proof that these machines were not capable of doing the work which they were represented as able to do. Upon the one side it was contended that the machines had been improperly adjusted upon the wells, and that they had been neglected and improperly cared for, and that their failure to work was not due to any fault in their original construction, or any fault with which the manufacturers and patentees were chargeable. Evidence that the same machines, upon other wells, did work automatically, was a circumstance important or unimportant as it might appear from other evidence that the conditions were similar or dissimilar.

The court charged the jury that if they found that the city of Findlay had ratified this contract, and waived its right to rescind the same, they should find for the plaintiffs, and for such amount to be due them as they should determine these machines were reasonably worth—

"Having reference to their market value as shown by proof, and from other evidence of value, which includes evidence of the way in which they discharged the purposes for which they were sold and designed; and upon such an amount you will give the city credit for the sum of $315, which they have already paid, and for the commissions which the plaintiffs say they are entitled to as stated in.the account."

To this the court subsequently added:

"I deem it proper to call your attention to the fact that I said, in determining the value of these machines, you might consider, as one of the elements, the market price at which they were sold in the place where used. I still think that this is an element of consideration of their value, and I will let the charge stand as it is."

Exception was taken to so much of the charge as permitted the jury, in determining the reasonable value of these machines, to look to the "market price at which .they were sold in places where used" as one of the elements of actual value. The market value, or the value at which the owner or producer holds them for sale and offers them on the market, is not conclusive evidence of actual value, but it is clearly a matter which may properly be taken into consideration in arriving at the actual value. Dwight v. Commissioners, 11 Cush. 201.

Other errors have been assigned and argued. We think there is no substance in any of them. The judgment must be affirmed.