### UNITED STATES v. KELLY.

(Circuit Court of Appeals, Ninth Circuit. October 24, 1898.)

No. 425.

1. BILL OF EXCEPTIONS—TIME OF PREPARATION AND FILING.

A so-called "bill of exceptions," which appears to have been signed and filed after the term at which judgment was entered, in the absence of anything in the record showing that it was prepared, presented, or allowed during that term, or that any extension was allowed during that term, or that defendant in error consented to its subsequent allowance, cannot be considered for any purpose.

2. SUITS AGAINST UNITED STATES—FINDINGS REQUIRED BY STATUTE.

Under the act of March 3, 1887 (24 Stat. 505), providing for the bringing of suits against the United States, the requirements of section 7 that it shall be the duty of the court to file a written opinion "setting forth the specific findings by the court of the facts therein and the conclusions of the court upon all questions of law involved," and to render judgment thereon, are not complied with in a suit by a former marshal, based upon items of his accounts of fees and disbursements which had been disallowed by the treasury department, by findings which merely state that during a period named the plaintiff "performed at divers and sundry times services for the defendant, the compensation for which was provided by law," and only specify the items in the account which the court holds to have been properly rejected by the treasury officials, and holds as a conclusion of law that all other disallowances "were improper, and in violation of law," and amounted to a sum stated; and such findings will not support a judgment.

3. SAME—REVIEW—ASSIGNMENTS OF ERROR.
    In a suit against the United States, brought under the act of March 3, 1887, which requires the court, as the basis for judgment, to make specific findings of fact, the question of whether a judgment is supported by the facts found may be reviewed, though not covered by a specific assignment of error.
    Gilbert, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Oregon.

This was a suit by Penumbra Kelly against the United States to recover for fees and disbursements as United States marshal, which were disallowed by the treasury department. From a judgment for plaintiff, defendant brings error.

H. S. Foote, U. S. Atty.

J. N. Teal and W. W. Cotton, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This suit was commenced in the court below on the 29th day of January, 1892, by virtue of the act of congress of March 3, 1887 (24 Stat. 505), to recover the sum of $4,616.15, alleged to be due the then plaintiff, defendant in error here, for services rendered the United States as marshal for the district of Oregon, and which amount had been disallowed by the first comptroller of the currency, and stricken from the accounts of the defendant in error, rendered by him to the treasury department. It seems from what little of the printed transcript is properly before the court that there was pending in the court below, along with the present suit, one brought by the United States against Penumbra Kelly, David P. Thompson, and Harvey Alexander Hogue, and another by the United States against Penumbra Kelly, Philip A. Marquam, and Van B. De Lashmutt, in all of which suits the attorney for the United States on the one side and the attorneys for the opposite parties on the other side entered into the following stipulation in writing:

"(1) These causes will be referred to Wallace A. McCamant, master, to take and return the evidence; and the evidence so taken shall be used in each of the cases, and they shall all be tried as one case, as far as may be practicable. (2) Any question of pleading may be disposed of before the master, and the parties shall have the right to file such amended or substituted pleadings before him as they may deem necessary, including the right to David P. Thompson and Harvey Alexander Hogue to file their answer, which by mistake has been omitted."

This stipulation is without date, but was filed in the court below June 8, 1895. On the preceding day—June 7, 1895—this order was entered in the court below in the present suit of Kelly against the United States:

"Now, at this date, come the parties to this cause by their attorneys, the plaintiff appearing by Mr. Dell Stewart and Mr. Edward N. Deady, of counsel, and the defendant by Mr. Daniel R. Murphy, United States attorney, and file herein their stipulation for reference of this cause to Wallace McCamant, master in chancery of this court; whereupon it is ordered by the court in pursuance of said stipulation that this cause be, and the same is

hereby, referred to said master to take and return the evidence in this cause; and it is further ordered that the said parties may file such amended and substituted pleadings as they may deem necessary before said master."

As no other stipulation appears in the record, the stipulation filed June 8, 1895, and above given, is probably that upon which the order of reference of June 7, 1895, was based. While the provision in this stipulation for the filing of amended or substituted pleadings before the master, as well as the fact that the court made an order of reference, would seem necessarily to imply that answers on the part of the respective defendants had already been filed, yet the certificate of the clerk is that the record contains a true and complete transcript of all the proceedings in the present cause, and no answer on the part of the United States to the plaintiff's petition anywhere appears. Nearly two years after the cause had thus been referred to a master to take and report the evidence in the cause, to wit, on the 23d day of March, 1897, a demurrer was filed by the United States attorney to the petition, upon the following grounds:

"That said petition doth not show any facts which entitle the petitioner to maintain said petition, or have the same considered by the court; that the matters and things in the said petition set forth do not show that the plaintiff has any claim in law, equity, or admiralty against the defendant; that the petition doth not show that this court hath jurisdiction of the matters and things therein set forth."

No notice or disposition of this demurrer seems ever to have been taken, so far as disclosed by the record. Shortly after the day on which it was filed, to wit, June 5, 1897, McCamant, signing himself "Referee," filed his report, which states that "he has taken the testimony, and herewith reports the same to the court, duly certified; the same consisting of the record of the proceedings before the referee, together with depositions taken elsewhere, and forwarded to the referee, and exhibits introduced by plaintiff and defendant." Embodied in this report are certain findings of fact and conclusions of law. The first four of these findings of fact are as follows:

"First. Plaintiff was the duly-qualified and acting marshal of the United States for the district of Oregon from the 1st day of August, 1884, to the 10th day of December, 1887. Second. During the period mentioned in the first finding, plaintiff furnished quarterly accounts of his fees, expenses, and disbursements, which were submitted every quarter to the district court of the United States for the district of Oregon, and were in each case by the said district court approved. Third. That during the time mentioned in finding No. 1 plaintiff performed at divers and sundry times services for the defendant, the compensation for which was provided by law. Fourth. That for the services so rendered by the said plaintiff, or claimed in the accounts of the said plaintiff as having been rendered, the defendant has refused to pay the sum of $2,466.47; that the defendant refuses to pay the same on the ground that the said sum of money is made up of disallowances which the defendant claims were proper to be made by the treasury officials from the sums claimed by plaintiff to be owing him from the defendant."

The fifth finding is:

"That the disallowances so made by the defendant in the accounts of the plaintiff were unauthorized, and in violation of law, except the following."

Then follow 13 enumerated items of service, with the respective charges therefor, aggregating $528.98.

The sixth finding is: .

"That the disallowances in accounts of plaintiff except those mentioned in the fifth finding of fact were improper in violation of law; that the improper disallowances amount to $1,937.53."

The conclusion of law reported to the court was that plaintiff is entitled to judgment against the defendant in the sum of $1,937.53, together with the costs incurred by the plaintiff in the suit. The plaintiff on June 11, 1897, filed exceptions to the fifth finding of fact contained in the report. .

On the 21st day of June, 1897, the cause came on before the court to be heard on motion of the plaintiff "to confirm certain findings of the referee on file herein, and to disallow certain findings therein, and to confirm in part the conclusions of law as set out in said report; and, there being no objections made or filed thereto, the plaintiff appearing by Joseph N. Teal and Dell Stewart, of counsel, and the defendant appearing by Charles J. Schnabel, Asst. U. S. Dist. Attorney, and it appearing to the court that the above-entitled cause was heretofore referred to Wallace McCamant, Esq., to take the testimony and report the same with his findings of fact and conclusions of law therein, and the court being fully advised in the premises, it is considered, ordered, and adjudged that said report be confirmed in part and disallowed in part as hereinafter set out; and thereupon the court makes the following findings of fact." These findings of the court are, in substance, and almost literally, the same as the findings reported by the referee, except as to the items of service and the charges therefor embodied in the fifth finding of the referee, and by him disallowed; the court finding that only four of those items of service and the respective charges therefor, aggregating $101.08, should be disallowed; those items being:

(1) United States v. William Smith. Constructive mileage of C. E. Burns from Portland to Oregon City, November 25, 1885 ......... $  1 80
(2) United States v. Sam. Meecham. Claim for service in arresting the defendant; service claimed to have been rendered by Deputy Charles Frush; whole charge made $91.66. The finding is that this disallowance was proper, except as to the item of mileage from Portland to the Washington state line, and from the Washington state line to Portland, and the further sum of $4 for commitment of the prisoner. The finding therefore is that the disallowance is proper as to the sum of ....................................  78 36
(3) United States v. J. N. Clarke et al. ·Service claimed to have been rendered by Deputy D. L. Moomaw. Constructive mileage charge, Portland to Baker, 141 miles, at 12 cents ................  16 92
(4) Voucher 59, United States v. Ah Lee. Charge for attendance at examination .................................................   4 00

Total amount of disallowance found to be proper............ $101 08

The sixth finding made by the court below is:

"That the disallowances on the accounts of plaintiff, except those mentioned in the fifth finding of fact, were improper, and in violation of the law; that the improper disallowances amount to the sum of $2,365.43."

And as a conclusion of law the court found the plaintiff entitled to judgment against the defendant in that sum, for which judgment was, on the 21st day of June, 1897, entered in favor of the plaintiff and against the defendant. On the 13th of July, 1897, the court filed an opinion embodying the same findings and conclusions. The defendant thereafter moved for a new trial, on the hearing of which, it being made to appear to the court "that certain fees to the amount of $128 were erroneously allowed," the court ordered "that, on the plaintiff remitting the sum of $128 on said judgment, the said motion be overruled and denied; and thereafter, the plaintiff in open court consenting to said remission of said judgment to the amount of said $128, the said motion" was overruled. The case comes here on writ of error, the plaintiff in error specifying three particulars as grounds for a reversal: First, that the court erred in proceeding before the cause was at issue; second, that the court should have made a specific finding negativing the presumption that the defendant in error "had received his maximum compensation for each fiscal year of his alleged services, and showing that the judgment awarded him would not exceed his maximum"; third, that the court had no jurisdiction to render judgment for any portion of the claim of the defendant in error which accrued more than six years prior to the date of the filing of his petition, to wit, January 29, 1896.

The second and third points thus made on behalf of the plaintiff in error have nothing to support them in the record brought here. The three hundred and odd pages of testimony, exhibits, and depositions printed in the transcript are not embodied in a bill of exceptions. There is a document styled "bill of exceptions" printed in the record, signed and filed after the expiration of the term of the court at which the judgment was entered, and there is nothing in the record to indicate that it was prepared, presented, or allowed during that term, or that any extension was granted during the term for its preparation, or any consent of the defendant in error to its subsequent allowance. It is clear, therefore, that it cannot be considered for any purpose. Muller v. Ehlers, 91 U. S. 249. And, if it could be, it contains nothing but exceptions to certain specific findings of the court below and to its conclusion of law. It contains nothing whatever to show that those findings or that conclusion are erroneous. But two questions, therefore, are presented by the record, namely, whether there is reversible error in the action of the court below in giving judgment before issue had been joined, and while the demurrer filed on the part of the plaintiff in error was on file and undisposed of; and, second, whether the findings of fact made by the court below support the judgment which it rendered. We will consider the question last stated first. The suit, as has been said, was instituted pursuant to the provisions of the act of congress of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States" (24 Stat. 505). By section 2 of the act the circuit courts of the United States are given concurrent jurisdiction in all such cases as the present, where the amount of the claim ex-

ceeds $1,000, and does not exceed $10,000, with a provision contained in the first section "that no suit against the government of the United States shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made." By section 4 it is provided that the jurisdiction of the respective courts of the United States proceeding under the act, including the right of exception and appeal, "shall be governed by the law now in force, in so far as the same is applicable, and not inconsistent with the provisions of this act; and the course of procedure shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt." Section 6 makes it the duty of the district attorney upon whom service of the complaint, called in the act "petition," is made, "to appear and defend the interests of the government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case, to file a plea, answer or demurrer on the part of the government, and to file a notice of any counter-claim, set-off, claim for damages, or other demand or defense whatsoever of the government in the premises: provided, that should the district attorney neglect or refuse to file the plea, answer, demurrer or defense as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim or any part thereof unless he shall establish the same by proof satisfactory to the court." Section 7 makes it "the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein, and the conclusions of the court upon all questions of law involved in the case, and to render judgment thereon. If the suit be in equity or admiralty, the court shall proceed with the same according to the rules of such courts." Section 9 provides for the same rights of appeal or writ of error by either party "as are now reserved in the statutes of the United States in that behalf made, and upon the conditions and limitations therein contained"; and further provides that "the modes of procedure in claiming and perfecting an appeal or writ of error shall conform in all respects and as near as may be to the statutes and rules of court governing appeals and writs of error in like causes."

As has been seen, it is by section 7 of the act made the duty of the trial court to set forth the facts of the cause specifically in its findings, as well as its conclusions upon all of the questions of law involved. It is manifest that the findings made by the court below do not answer this requirement. The only specific facts found by the court relate to items of service which it rejects, and for which no judgment was given. The facts upon which the court concluded that the defendant in error was entitled to judgment against the plaintiff in error are not stated at all. It is found, as has been seen, that within a certain designated time the "plaintiff performed at divers and sundry times services for the defendant, the compensation for which was provided by law," and "that the disallowances

on the accounts of plaintiff, except those mentioned in the fifth finding of fact, were improper, and in violation of law; that the improper allowances amounted to the sum of $2,365.43." What the services were that the plaintiff rendered, and for which he was allowed, is not stated, nor is any attempt made to state them in the findings. The findings do not undertake to make the accounts a part thereof. If so, we might, by eliminating therefrom those items that are specifically rejected in the findings, ascertain the items of charge upon which the judgment is based. But the accounts are not made a part of the findings, or otherwise identified. The findings being entirely silent in respect to the facts expressly required by the statute to be therein stated as the basis of any judgment against the United States, we do not see how the judgment can be properly affirmed. We are not able to regard as technical the entire absence from the findings of such matter of substance. For the reason stated the judgment must be reversed, and the cause remanded for further proceedings. It becomes, therefore, unnecessary to consider the other question above stated. On the return of the case to the court below the parties will have an opportunity to proceed with the cause in a due and orderly manner.

It is suggested and thought by one of the members of the court that the point upon which the case is decided cannot be considered, for the reason that there is no sufficient assignment of errors. The assignment is that the court below erred in making the finding which is the subject of attack. Whether or not this be sufficiently definite as an assignment of error, we are of opinion that in this case, which is brought under, and only because of, a statute of the United States authorizing a judgment against the United States only when it is based upon a finding specifically stating the facts, no such assignment of error is necessary. The error appearing upon the face of the record and disclosing the utter absence of the finding upon which alone any judgment against the government was authorized, the court, in our opinion, is not authorized to disregard error, whether assigned for error or not. In Chase v. U. S., 155 U. S. 489, 499, 15 Sup. Ct. 175, the supreme court held that judgments in cases brought under the act of March 3, 1887, may be reviewed either by appeal or writ of error; saying:

"Congress, while recognizing the settled distinction between law, equity, and admiralty, did not intend that the records of cases brought against the government under this act should contain all that is required in suits instituted in the courts of the United States under the general statutes regulating their jurisdiction and the modes of procedure therein. Neither the mode of procedure in the court of claims nor the mode in which cases there determined may be brought here for re-examination was changed by the act of March 3, 1887. But under that act a judgment of a district or circuit court of the United States in an action at law brought against the government will be re-examined here only when the record contains a specific finding of facts with the conclusions of law thereon. In such cases this court will only inquire whether the judgment below is supported by the facts thus found. And we think it was also the purpose of congress to require like specific findings or statements of fact and conclusions of law in cases in equity and in admiralty brought under that act in the district and circuit courts of the United States, and to restrict our inquiry in such cases, as in actions at law,

to the sufficiency of the facts so found or stated to support the final judgment."

And that, in the view of the learned and astute counsel for the defendant in error, the question upon which we have decided the case is presented by the record for the decision of this court, clearly appears from their brief, in which they say:

"As against the contention of the government the defendant in error insists that there are but two propositions presented by the record which can command the consideration of the court, viz. that of the trial court having proceeded to judgment while the demurrer of the government was undisposed of, and before issue had been joined, and the question whether the findings of fact made by that court support the judgment which was rendered."

Judgment reversed, and cause remanded for further proceedings.

GILBERT, Circuit Judge (dissenting). The defect in the findings of the circuit court is at most a purely technical one. The law requires of the trial court an opinion which shall set forth the specific findings of fact on which the plaintiff is held to be entitled to recover. The action is brought upon a marshal's account of his fees and disbursements. The record shows that testimony was heard concerning every item of the account, and that the court passed upon each item. In making the findings, the court, instead of repeating in detail the items that were found to be due the plaintiff, pointed out and specified those that were to be disallowed, and concluded with a general finding, which is as follows: "I am of the opinion that all the other items in the account are proper claims against the United States, and the plaintiff is justly entitled to be allowed therefor." Then follow general findings to the effect that the services mentioned in the account were rendered to the United States by the plaintiff as marshal, and that the compensation therefor was provided by law. It is very evident from the record that, as a matter of fact, the court made specific findings upon every portion of the account, and that it has deemed a reference to the items which were allowed, together with a particular specification of those which were disallowed, a sufficient compliance with the statute.

The assignment of error which we find in the record is not sufficient to bring to our attention the defect in the proceedings which, in the opinion of the majority of the court, justifies the reversal of the judgment. The error assigned is as follows: "The court finds as conclusion of law that plaintiff is entitled to judgment against defendant in the sum of $2,237.43." This, I submit, points to no error whatever in the record, and is insufficient to direct our attention to the fact that by the opinion of the court below the facts are not specifically found as required by the statute. It is necessary to refer to a few only of the numerous decisions in which the rule has been construed. Fourth Nat. Bank of St. Louis v. City of Belleville, 27 C. C. A. 674, 83 Fed. 675; Association v. Sparks, 28 C. C. A. 399, 83 Fed. 225; City of Findlay v. Pertz, 20 C. C. A. 662, 74 Fed. 681; Doe v. Mining Co., 17 C. C. A. 190, 70 Fed. 455; Oswego Tp. v. Travelers' Ins. Co., 17 C. C. A. 77, 70 Fed. 225. In the case last cited it was said that the assignment that the court erred

in rendering judgment for the plaintiff "brings nothing to the attention of the appellate court." Nor are we authorized to deviate from the rule from the fact that the plaintiff in error is the United States. In U. S. v. Ferguson, 24 C. C. A. 1, 78 Fed. 103, which was an action against the United States under the statute of March 3, 1887, the circuit court of appeals of the Second circuit, referring to assignments of error, which were that the court erred in rendering judgment for the plaintiff, and that the court erred in not rendering judgment for the defendant, said: "These assignments do not comply with the rules, as they fail to point out any particular error asserted and intended to be urged. Whether they mean that a wrong result was reached because the facts were erroneously decided, or because the court erred in applying the law to the facts, can only be conjectured." In U. S. v. Ady, 22 C. C. A. 223, 224, 76 Fed. 359, 360, the circuit court of appeals for the Eighth circuit said: "The question whether the findings of fact made by the lower court support its conclusions of law may be reviewed without exceptions upon seasonable assignments of error." Under our eleventh rule, which permits us to notice a plain error not assigned, we ought not to consider a technical error where the record shows, as it does in this case, that substantial justice has been done, and that the requirements of the law have, in substance, been complied with. This has been the interpretation of the rule by this court and by the circuit courts of appeal of other circuits. Railroad Co. v. Mulligan, 14 C. C. A. 547, 67 Fed. 569; Society v. Spiro, 24 C. C. A. 334, 78 Fed. 774. In order to reverse the judgment of the circuit court, this court must go out of its way to take cognizance of a technical error not assigned, and not mentioned upon the argument or in the brief of the plaintiff in error. I do not think the ends of justice require us to do this, especially when it is considered that the result of remanding the case is only to require the trial court to repeat in new findings the items of an account that have already been adjudicated, and incidentally to impose upon the defendant in error a burdensome expense, and to still further delay him in obtaining from the United States money that has been justly due, but withheld from him, for more than 10 years.