SCOFIELD et al. v. PARLIN & ORENDORFF CO.

(Circuit Court of Appeals, Seventh Circuit. May 1, 1894.)

No. 130.

1. EVIDENCE—LETTER—PRESUMPTION OF GENUINENESS.
    A letter received in due course of mail in response to a letter sent by the receiver is presumed, in the absence of any showing to the contrary, to be the letter of the person whose name is signed to it.

2. SAME—ADMISSION CONTAINED IN OFFER OF COMPROMISE.
    Where the execution of the contract sued on is denied by the defendant, a letter offering to compromise the claim, and making an express recognition of the contract, is admissible in evidence as an admission of the execution of the contract.

**3. CONTRACTS OF CORPORATIONS—EVIDENCE—PRINCIPAL AND AGENT.**

A contract entered into on behalf of a business corporation by its agent or manager is admissible in evidence against the corporation without proof that its execution was authorized by any formal corporate act.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Assumpsit by Gerrit S. Scofield and Frank M. Scofield, copartners doing business under the firm name and style of G. S. & F. M. Scofield, against the Parlin & Orendorff Company. Defendant obtained judgment. Plaintiffs bring error.

The plaintiffs in error, Gerrit S. Scofield and Frank M. Scofield, citizens of Connecticut, doing business under the firm name of G. S. & F. M. Scofield, brought this suit against the defendant in error, the Parlin & Orendorff Company, a corporation and citizen of Illinois. The first count of the declaration alleges the execution by the defendant and acceptance by the plaintiffs of the following written proposition:

"Established 1871. G. S. and F. M. Scofield, General Advertising Agents, 30 East 14th Street, New York City. P. O. Box 4,401.

"New York City, Dec. 3rd, 1885.

"You are hereby authorized to procure for us the insertion of our advertisement in any number of country newspapers, not to exceed five hundred (500), said advertisement to occupy a space of four inches, single column, for a period of six months. Upon presentation to us of the first copy of each paper containing our advertisement we agree to issue our duebill in favor of the publisher, or order, and to accept said duebill, when accompanied by thirty-five dollars ($35.00), in cash, as full payment for one of our Clipper three-wheel plows, the regular list price of which is seventy dollars, f. o. c. at Canton, Ill. We further agree to pay you a cash commission of five dollars ($5.00) for each paper in which you procure the insertion of our advertisement, said commission to be due and payable upon presentation to us of the first copy of each paper containing our advertisement. We also authorize you to furnish all electrotypes necessary to carry out this contract, for which we agree to pay you twenty cents apiece.

"[Sgd.] Parlin & Orendorff Co."

It is further alleged that, in the performance of the contract so made, the plaintiffs procured for the defendant the insertion of its advertisement according to the terms and conditions of the contract in 327 country newspapers, and, immediately after the publication, in each instance presented to the defendant the first copy of the newspapers containing the advertisement; that they also furnished a corresponding number of electrotypes, of which the defendant had notice; and that by means of the premises the defendant became liable to pay, and in consideration thereof undertook and promised to pay, to the plaintiffs the sum of $1,700.40. The declaration contains also the common counts for work and labor done, goods sold, and money had and received. The defendant pleaded the general issue and non est factum. There was a trial by jury, which, by direction of the court, returned a verdict for the defendant. In order to prove the execution of the contract, the plaintiffs offered in evidence alleged correspondence between the parties, including a number of letters which purported to be written upon the defendant's letter-head paper, to be dated at its place of business, and to be signed by the defendant, and were shown to have been received in due course of mail by the plaintiffs, or by their attorney, to whom they were addressed. To the first letter offered, dated May 31, 1886, and which contained the expression, "since we contracted with Scofield Bros.," and other expressions indicating the existence of a contract between the parties, it was objected that "the letter shows upon its face that it was written in pursuance of an arrangement by which they endeavored to compromise these matters, and there is no proof of its execution, or who executed it, or the authority of anybody to write it." The court sustained the

objection, putting its ruling on the ground "that it is not admissible under the special count, nor under the common count, being in the nature of an offer of compromise, and that compromise is not declared on, and it is not a corporate act." Other letters were excluded upon the same grounds, and when the letter of December 5, 1885, was offered, and a similar objection made, the court said: "The declaration declares on a special contract. which, it alleges, was made on the 3d day of December, 1885. A letter is offered in evidence, purporting to be by the Parlin & Orendorff Company, accepting the propositions, and so on. It does not purport to be the overt act of the corporation at all, and is evidently not what is declared on. The contract is described with reference to date, and. so on, and what purports to be a haec verba copy, as I suppose, is set out. The objection will be sustained." And again the court said: "This is a special contract, declared on against a corporation, alleging the corporation made the contract. I have held that any act to bind the defendant must be a corporate act. I have held furthermore that only certain kinds of proof could be introduced on the special count, and that on the common count only certain kinds of proof could be introduced, and the proof offered does not fall within that class. That is the substance of what I attempted to hold." Each of the letters offered in evidence to which the name of the defendant was subscribed had the following printed heading: "Office of Parlin & Orendorff Company, Manufacturers of Agricultural Implements, Canton, Ill., — 188-."

Sanders & Powers and Morton Culver, for plaintiffs in error.
Orendorff & Patton, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge (after stating the facts). We are of opinion that the court erred in excluding from the jury the correspondence, and especially the letters purporting to be from the defendant, which were offered in evidence for the purpose of showing the execution, and the existence between the parties, of the contract set out in the declaration. "The depositing in the post office of a letter properly addressed, with the postage prepaid, is prima facie evidence that the person to whom it was addressed received it" (Briggs v. Hervey, 130 Mass. 186); and, conversely, a letter received in due course of mail, and especially if it be in response to a letter sent by the receiver, is presumptively the letter of the one whose name is signed to it. Of the genuineness of the letters in question there was certainly sufficient prima facie evidence. The plaintiffs were advertising agents; the defendant, a manufacturer of agricultural implements. The letter of November 30, 1885, the first in order of date, showed the willingness of the defendant to accept for its implements one-half of stated prices when accompanied by proof that enough advertising had been done to pay for the other half. To this the plaintiffs responded by the letter of December 3d, inclosing a form of their regular contracts, to be signed by the defendant, and two days later was written the letter of December 5, 1885, over the name of the defendant, saying, "We return herewith our agreement for advertising, which you will please execute [perform] as soon as possible." In this letter was inclosed the agreement sued on, and also a statement of the contents of the proposed advertisement, to which also was appended the signature, "Parlin & Orendorff Co., M'f'r's, Canton, Ills."

The letter of May 31, 1886, after an express recognition of the fact that a contract between the parties had been made, proceeds to an offer of compromise. This letter, while not admissible to prove the offer of compromise, was admissible to show an independent statement or admission of fact pertinent to the question in issue. Of the authenticity of these letters, and the contract transmitted with one of them, the circumstances in proof, the regular transmission by mail, the letter heads and envelopes, and the contents of the letters themselves leave no reasonable doubt. They should have gone to the jury, and, in the absence of contrary evidence, should have been accepted as conclusive of the execution of the contract by the defendant. The ruling of the court to the contrary, and, presumably, the sworn denial of the execution of the contract, proceeded upon the theory that, in order to bind the corporation, a contract must be shown to have been executed or authorized by a formal corporate act, such as an order or resolution of a board of directors. But the business of modern mercantile and manufacturing corporations is not always, or even generally, conducted in that way, but is committed to agents and managers, whose powers are limited practically only to the lines of business for the prosecution of which the corporations were formed. It follows that correspondence conducted by these agents, and contracts made by them, in the name of the principal, in the due and ordinary course of business, must be admissible in evidence as if the parties were natural persons. If a document offered against a corporation is not genuine, or its execution unauthorized, the corporation will be able in most instances to show the fact, while, on the other hand, if direct proof of formal or overt corporate action or authority were required of the opposite party, it would often be, indeed it would be in the power of the corporation to make it, difficult or impossible.

It is contended by the appellee that there was a failure of evidence in other material respects, and, that, if there was error in excluding the letters and contract, it was harmless. There is, we think, no such lack of evidence in any respect suggested as to justify the taking of the case from the jury. Besides, the contract was, as it seems to us and as counsel for appellee have argued, essential to the plaintiffs' right of recovery upon any view of the case presented, and, that having been ruled out, the plaintiffs were not bound, in order to save the question, to go on making proof which, when made, could not, under the ruling of the court, be available. The judgment is reversed, and the cause remanded for a new trial.