HILL v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1916.)

No. 4383.

1. PUBLIC LANDS ☞120—SUIT FOR CANCELLATION OF PATENTS—BURDEN OF PROOF.
   In a suit by the government for cancellation of patents to coal lands obtained by fraud, the defendant has the burden of establishing the defense that he was a good-faith purchaser without notice by affirmative evidence.

   [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ☞120.]

2. EVIDENCE ☞77(1)—INFERENCE FROM FAILURE TO PRODUCE EVIDENCE.
   Failure of a party to produce the only witness who knows the facts authorizes the inference that the testimony would be adverse to him.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. ☞77(1).]

Appeal from the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the United States against Charles B. Hill. Decree for complainant (217 Fed. 841), and defendant appeals. Affirmed.

J. Foster Symes, of Denver, Colo. (Ivor O. Wingren, of Denver, Colo., on the brief), for appellant.

Frank Hall, Sp. Asst. Atty. Gen. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

AMIDON, District Judge. This is a suit by the government to cancel a patent and deed for 320 acres of coal land located in Colorado. The trial court entered a decree in accordance with the bill, and the defendant, Hill, appeals.

The lands were filed on by a joint entry in the name of Lewis M. Allen and Charles D. Richards. Allen was a witness for the government, and testified that he gave the use of his name for $2.50; that he signed all the papers at one time, including the deed and a power of attorney to perfect the location. After signing the papers he never had anything more to do with the entry, and never received any payment, except the $2.50. He did not know his associate, Richards, and the government was unable to trace or discover him.

[1, 2] It is too plain for discussion that this entry was fraudulent, and the defendant must prevail, if at all, upon his defense as a bona fide purchaser. He himself resided in New York, and acquired title to the property through his brother, who resided in Colorado. The defense of good-faith purchaser is affirmative, and must be pleaded and proved by the defendant. Wright-Blodgett Co. v. United States, 236 U. S. 397, 35 Sup. Ct. 339, 59 L. Ed. 637; Northern Colorado Coal Co. v. United States, 234 Fed. 34, —— C. C. A. ——. To establish it he must show that he paid the consideration to his grantor, and that he had no notice of his grantor's fraud. The defendant here failed to establish either ground. He testified that he sent about $3,400 to his brother to be used in acquiring the property. He had no knowledge of what his brother did with the money—whether he paid it to the entrymen as a consideration for the deed, or paid $3,200 of it to the government as the purchase price of the land, and used the balance for incidental expenses in perfecting the entry. The circumstances of the case justified the inference that the money was used for the latter purpose. The brother was not called as a witness. He alone knew the actual facts of the transaction. It was clearly in the defendant's power to have produced him, and the defense of good faith required him to do so. Failure to call this witness justifies the inference that, if he had been called, his testimony would have been fatal to the defendant's case. Choctaw, etc., Co. v. Newton, 140 Fed. 225, 71 C. C. A. 655; Kirby v. Tallmadge, 160 U. S. 379, 16 Sup. Ct. 349, 40 L. Ed. 463; Wigmore on Evidence, § 285. The evidence clearly showed that the brother was defendant's agent in the transaction. To establish the defense of good faith it was necessary

to show that he had no knowledge of the fraud underlying the entries, for notice to him would be just as fatal to the defense as notice to the defendant himself. Story's Equity Pleading, § 808.

The judgment is affirmed.