## MALOUFF v. POPE.

(Circuit Court of Appeals, Eighth Circuit. November 9, 1925.)

No. 6983.

1. Evidence ⚖=>70—When financial statement presumed to be statement of person who purports to have signed it stated.

Financial statement is presumed to be statement of person who purports to have signed it when he has been informed that it is necessary for him to sign it before goods will be shipped, and has promised to send it, and statement is received by mail immediately after such conversation, and before goods are shipped.

2. Evidence ⚖=>75—Failure to produce evidence in elucidation of subject-matter in dispute creates adverse presumption.

Omission of party to produce evidence in elucidation of subject-matter in dispute, which is within his power, and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him.

3. Bankruptcy ⚖=>414(3)—Evidence held to show that bankrupt's financial statement to creditor was materially false.

Evidence on objections to discharge *held* to show that bankrupt sent financial statement to creditor for purpose of obtaining credit, which was materially false.

Appeal from the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Proceeding by Jim Malouff to secure his discharge as bankrupt, opposed by O. G. Pope, trustee. From an order denying the discharge, the bankrupt appeals. Affirmed.

Charles E. Sabin, of La Junta, Colo. (Clyde T. Davis, of La Junta, Colo., on the brief), for appellant.

French L. Taylor, of Pueblo, Colo., for appellee.

Before LEWIS and KENYON, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The appellant was adjudicated a bankrupt and thereafter filed his petition for a discharge. Specifications of objections to his discharge were filed by the trustee on behalf of creditors, and after testimony had been offered in support of the trustee's specifications the referee recommended that a discharge be granted. The court refused to follow this recommendation and denied the discharge. From that order this appeal has been prosecuted.

[1] As one of the grounds of objection to the discharge the trustee alleged that the bankrupt obtained merchandise on credit from the Battreal Shoe Company upon a materially false statement in writing made by the bankrupt for the purpose of obtaining credit from that company. The evidence shows that the bankrupt did obtain the goods on credit, but it is claimed by the bankrupt that there is no proof that he made the written statement, or that it was false. It appears that the Battreal Shoe Company is located at St. Joseph, Mo. One of its traveling salesmen, while in Colorado, had a conversation with the bankrupt relating to a proposed purchase of these goods, and received from him an order for their purchase and shipment. The Battreal Shoe Company had not had any prior order from the bankrupt for the purchase of goods, and as a part of this transaction the salesman gave to the bankrupt one of the blank forms of financial statement used by the Battreal Shoe Company when new customers desired to obtain goods on credit. He informed the bankrupt that it was necessary for him to fill out the statement, to sign it, and to mail it to the company before the goods could be shipped, and the bankrupt promised to mail the statement on the following day.

In a few days the company received by mail the written order, and also received a written statement, purporting to be signed by the bankrupt. This statement was made out on the same form of blank that the salesman had left with the bankrupt. This state-

ment begins as follows: "Statement Made by Jim Malouff, of Aguilar, County of Las Animas, State of Colo. Aug. 3, 1921. Firm composed of Jim Malouff." It purports to list the kind and the values of the assets, and the kind and amounts of the liabilities, the date of the last inventory, the amount of annual sales and expense, the amount of insurance on stock and real estate, and other details. It then recites that it is a true statement of the assets and liabilities of the undersigned, and is made for the purpose of obtaining credit from the Battreal Shoe Company of St. Joseph, Mo., and agrees that the Battreal Shoe Company shall be notified if any material change shall occur in the financial condition. The name of James Malouff is then signed. Relying upon this statement the goods were shipped to the bankrupt.

A letter that is received in the due course of mail, in response to a letter which has been sent, is presumed to be the letter of the person whose name is signed to it. National Acc. Soc. v. Spiro, 78 F. 774, 24 C. C. A. 334; Scofield v. Parlin & Orendorff Co., 61 F. 804, 10 C. C. A. 83; 1 Greenleaf on Ev. § 573a; 3 Wigmore on Ev. § 2153. The presumption arising from those circumstances is not more strong than the presumption that a financial statement of this nature is the statement of the person who purports to have signed it, when such person has been informed that it is necessary for him to sign it and to send it to a mercantile house, before goods will be shipped to him which he has ordered, has promised to send it, and the statement is received by mail immediately after this conversation, and before the goods are shipped.

One of the representations made in this financial statement was that the cash value of the merchandise on hand was $13,000. The trustee was called as a witness and testified that he had heard the bankrupt testify in the bankruptcy proceedings. The following questions and answers are a portion of the trustee's testimony relating to the bankrupt's former testimony:

"Q. Did he state in that examination any amounts that were the limit of the merchandise that he ever had in his store at Aguilar? A. As I understood it, I would say that he didn't have to exceed between $4,000 and $5,000 in merchandise.

"Q. That is, you understood him to state that he never had in his store at Aguilar more than $4,000 or $5,000 of merchandise at any one time? A. At any one time.

"Q. Did he state in that examination that he had as much as $12,000 worth of merchandise in his store at any one time, at Aguilar? A. He may have, but I don't recall it, if he did."

[2, 3] The bankrupt was present, with his counsel, at the time this testimony was given by the trustee. He did not testify as a witness, nor produce any witnesses on his behalf. There was, therefore, no testimony produced by him that he had not signed nor sent the financial statement, nor that he had not testified in the bankruptcy proceedings that he had never had more than $4,000 or $5,000 worth of merchandise at any one time; nor was testimony produced on behalf of the bankrupt of the amount of merchandise possessed by him at the date of this statement. One of the established rules for weighing testimony in civil cases is stated as follows in 1 Starkie on Evidence (10th Ed.) p. 74: "The conduct of the party in omitting to produce that evidence in elucidation of the subject-matter in dispute, which is within his power, and which rests peculiarly within his own knowledge, frequently affords occasion for presumptions against him, since it raises strong suspicion that such evidence, if adduced, would operate to his prejudice." Kirby v. Tallmadge, 160 U. S. 379, 383, 16 S. Ct. 349, 40 L. Ed. 463; One Buick Automobile v. United States (C. C. A.) 275 F. 809, 810; Gulf, C. & S. F. Ry. Co. v. Ellis, 54 F. 481, 483, 4 C. C. A. 454; Hill v. United States, 234 F. 39, 40, 148 C. C. A. 55; 1 Wigmore on Ev. §§ 285, 289.

The evidence was sufficient to show that the bankrupt sent the financial statement to the objecting creditor and that it was materially false, and the order denying the discharge will be affirmed.