Vincent Edward **WINEL**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 18144.**

United States Court of Appeals
Eighth Circuit.

Sept. 13, 1966.

Richard S. M. Emrich, III, St. Louis,
Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St.
Louis, Mo., for appellee; Richard D.
FitzGibbon, Jr., U. S. Atty., St. Louis,
Mo., on the brief.

Before VOGEL, Chief Judge, ME-
HAFFY, Circuit Judge, and McMANUS,
District Judge.

VOGEL, Chief Judge.

Defendant-appellant, Vincent Edward
Winel, Jr., also known as James Lewis,
was charged with co-defendants Allan T.
Solomon, also known as Paul Baer, and
Morton Schulman, also known as Fred
Evans, in a seventeen-count indictment
with mail fraud, in violation of 18 U.S.
C.A. § 1341. After the withdrawal of
eight of the seventeen counts and trial by
a jury, all defendants were found guilty
on the remaining nine counts, each of
which alleged a specific fraudulent act
and use of the mails in perpetration
thereof. The trial court denied motions
for arrest of judgment and for a new
trial and sentenced all three defendants
to various terms of imprisonment, Winel
to two years' imprisonment on each of
the nine counts, the sentences to be
served concurrently. All commenced ap-
peal to this court but subsequently there-
to defendants Solomon and Schulman
moved to dismiss their appeals, such mo-
tions being granted. This appeal, then,
concerns only the defendant Vincent Ed-

ward Winel, Jr. He claims two grounds of error entitling him to reversal:

I. Government's Exhibit 42 was received into evidence without proper foundation;

II. Motion for judgment of acquittal should have been sustained for there was insufficient evidence upon which to base a judgment of conviction.

We affirm.

■ We believe it would make for a better understanding hereof if we considered appellant's claims of error in reverse order. In doing so, we direct attention to the general rule that the evidence must be viewed in a light most favorable to the government as the prevailing party. All reasonable inferences must be resolved in favor of the government. Koolish v. United States, 8 Cir., 1965, 340 F.2d 513, 519, cert. denied, 381 U.S. 951, 85 S.Ct. 1805, 14 L.Ed.2d 724; Smith v. United States, 8 Cir., 1964, 331 F.2d 265, 278, cert. denied, 379 U.S. 824, 85 S.Ct. 49, 13 L.Ed.2d 34, rehearing denied, 379 U.S. 940, 85 S.Ct. 321, 13 L.Ed. 2d 350. From the evidence and from a reading of the substantial transcript of testimony, it is apparent that the jury could have, and they undoubtedly did find that the Bahamas Land and Building Company, hereinafter referred to as Bahamas Company, was created by the three defendants as a front for the sole purpose of using the mails to fraudulently order and obtain merchandise without any intention of paying therefor. Solomon and Schulman were in charge of the St. Louis, Missouri, office, rented and advertised as the Bahamas Company. It was essential for the scheme to succeed that the Bahamas Company be able to obtain merchandise by credit. This was achieved by giving prospective vendors the name of a "bank" which would supply favorable credit information in response to telephone and other inquiries. Such credit information device was thus an integral part of the mail fraud scheme, for without the credit assurance it provided the mail fraud could not have been successfully perpetrated.

Although appellant Winel claims the record does not hold sufficient evidence to implicate him in the aforementioned scheme, from the record it is perfectly clear that:

1. Appellant and co-defendant Solomon traveled to Nassau, Bahamas, in September or October of 1963 and rented office space in a small building that also housed the United Mutual Bank of the Bahamas.

2. Appellant kept office hours at an office in the bank building during October 1963.

3. Appellant had access to the telephone calls and correspondence coming in to the "bank".

4. Appellant endorsed a check drawn on an account the Bahamas Company had in a St. Louis bank, using the assumed name "James Lewis", the same name under which credit references were furnished.

5. Numerous phone calls were exchanged between the Bahamas Company in St. Louis and "Mr. Lewis" at the "bank" in the Bahamas.

6. Phone calls requesting credit information were placed by vendors to the "bank" in the Bahamas and these vendors were given favorable credit references concerning the Bahamas Company by one who had at times identified himself as "Mr. Lewis".

■ Faced with this uncontradicted evidence (no one of the three defendants testified), it is impossible for us to say that the government has not met the substantial burden of proof required of it in a mail fraud prosecution. See United States v. Morley, 7 Cir., 1938, 99 F.2d 683, 685, cert. denied, 306 U.S. 631, 59 S.Ct. 463, 83 L.Ed. 1033. In the instant case, the jury's determination, based as it is upon very substantial testimony, must be upheld in the face of a charge of insufficiency. See Lavender v. Kurn, 1946, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916; Tennant v. Peoria & P. U. Ry. Co., 1944, 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520, rehearing denied, 321 U.S. 802, 64 S.Ct. 610, 88 L.Ed. 1089;

Commercial Union Assurance Co. v. Berry, 8 Cir., 1966, 359 F.2d 510, 516.

We now consider appellant's first ground of error; that is, that the trial court received into evidence Government's Exhibit 42 without requiring the proper identification. Exhibit 42 is a reply portion of a printed credit inquiry postcard upon which there is entered a handwritten credit reference. It is appellant's contention that the card does not qualify as a business record under 28 U.S.C.A. § 1732(a), nor was there sufficient other evidence of authenticity to justify its admission. The government recognized that Exhibit 42 could not qualify as a business record under the tests established by 28 U.S.C.A. § 1732(a) but urged that circumstantial evidence other than identification of the handwriting or signature on the reply card justified admission.

■ It has long been recognized that one of the principal situations where the authenticity of a letter is provable by circumstantial evidence arising out of the letter's context, other than proof of handwriting or the business records exception, is where it can be shown that the letter was sent in reply to a previous communication. See, e. g., Malouff v. Pope, 8 Cir., 1925, 9 F.2d 254, 255; Holsman v. United States, 9 Cir., 1918, 248 F. 193, 197; National Acc. Soc. v. Spiro, 6 Cir., 1897, 78 F. 774, 777; Scofield v. Parlin & Orendorff Co., 7 Cir., 1894, 61 F. 804, 806. See, also, 7 Wigmore, Evidence, § 2153, pp. 611–613 (3 ed., 1940); Annot., 9 A.L.R. 984, 989–993 (1920). In the instant case the inherent nature of the communication makes it absolutely certain that it is a reply communication. The only question that can then arise with respect to its admissibility would be whether there was proof of its mailing and receipt. This is clearly answered by the record.

After the original cards requesting credit were marked, the sender of the credit request, the auditor of a St. Louis hotel, was asked:

"Q. Well, * * * can you tell us from your own personal knowledge whether a credit request was sent out pursuant to these requests for credit made by Mr. Baer [defendant Solomon]?

"A. Yes, they were."

This evidence stands uncontradicted.

■■ The record also indicates fully the manner in which credit requests were handled, how a credit response became part of the hotel's permanent records, and how it was kept in the hotel auditor's custody. It is not necessary that there be direct testimony of placing in the mails or removing from the mails if there is a full showing of the customs and usage relating to this type of communication. Stevens v. United States, 5 Cir., 1962, 306 F.2d 834, 835; United States v. Shavin, 7 Cir., 1961, 287 F.2d 647, 652, 90 A.L.R.2d 888. Further, Exhibit 42 cannot be viewed in isolation. Inseparably linked to the credit reply, Exhibit 42, was the credit application form which precipitated the credit inquiry and reply. This form was admitted into evidence and is not challenged. In the instant case the evidence is cumulative in nature, marked by an interdependency of the physical exhibits and oral testimony. When this exhibit is viewed in the totality of the record, it is clear no prejudice could have resulted from its admission. See, United States v. Farmer, 4 Cir., 1963, 319 F.2d 527, 528, cert. denied, 375 U.S. 883, 84 S.Ct. 157, 11 L.Ed.2d 113. If error be committed, it must of necessity be prejudicial before the actions of the trial court will be reversed. See, Partlow v. Goldstein, 8 Cir., 1959, 263 F.2d 169, 172, and cases cited therein. Exhibit 42 was properly received into evidence.

This case is affirmed.